# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **GEORGE WESLEY MILLER,** ) | |
|    Plaintiff ) | |
| ) | Civil Action No. 2:19cv00001 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| **ANDREW SAUL,**[1] ) | |
| **Commissioner of Social Security,** ) | By: PAMELA MEADE SARGENT |
|    Defendant ) | United States Magistrate Judge |

*I. Background and Standard of Review*

Plaintiff, George Wesley Miller, ("Miller"), filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claims for disability insurance benefits, ("DIB"), and supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423 and 1381 *et seq.* (West 2011, West 2012 & West 2019). Jurisdiction of this court is pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This case is before the undersigned magistrate judge upon transfer by consent of the parties pursuant to 28 U.S.C. § 636(c)(1). Neither party has requested oral argument; therefore, this case is ripe for decision.

The court's review in this case is limited to determining if the factual findings of the Commissioner are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence has been defined as "evidence which

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019; therefore, he is substituted for Nancy A. Berryhill as the defendant in this case.

-1-

a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). "'If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "'substantial evidence.'"'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642).

The record shows that Miller protectively filed his applications for DIB and SSI on May 19, 2015, alleging disability as of March 8, 2013, based on congestive heart failure, coronary artery disease, high blood pressure, high cholesterol, anxiety, depression, degenerative disc disease and sciatica. (Record, ("R."), at 25, 221-28, 239.) The claims were denied initially and upon reconsideration. (R. at 74-95, 98-135, 140-44, 146-52.) Miller then requested a hearing before an administrative law judge, ("ALJ"). (R. at 157-58.) The ALJ held a hearing on November 3, 2017, at which Miller was represented by counsel. (R. at 41-73.)

By decision dated February 16, 2018, the ALJ denied Miller's claims. (R. at 25-36.) The ALJ found that Miller met the nondisability insured status requirements of the Act for DIB purposes through March 31, 2011. (R. at 27.) The ALJ found that Miller had not engaged in substantial gainful activity since March 8, 2013, the alleged onset date.[2] (R. at 27.) The ALJ found that the medical evidence established that Miller had severe impairments, namely coronary artery disease, angina/chest pain, degenerative disc disease, affective mood disorder, anxiety and panic disorder, but he found that Miller did not have an impairment or combination of impairments

---

[2] Miller must show that he was disabled before March 31, 2011, in order to be eligible for DIB. Miller, however, does not allege he became disabled until March 8, 2013. Therefore, Miller concedes that he is not entitled to an award of DIB benefits, and the court will consider only his challenge to the ALJ's denial of his SSI claim.

that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 27-30.) The ALJ found that Miller had the residual functional capacity to perform light work[3] that did not require more than occasional climbing of ramps, stairs, ropes, ladders or scaffolds, exposure to hazards, humidity, wetness, pulmonary irritants and extreme hot and cold temperatures and no more than frequent balancing, stooping, kneeling, crouching and crawling. (R. at 30-34.) The ALJ found that Miller could perform simple, routine, repetitive tasks, respond appropriately to occasional changes in the work setting and have occasional interaction with co-workers and supervisors, but he was precluded from work with exposure to the general public. (R. at 30-34.) The ALJ found that Miller was unable to perform his past relevant work. (R. at 34-35.) Based on Miller's age, education, work history and residual functional capacity and the testimony of a vocational expert, the ALJ found that a significant number of other jobs existed in the national economy that Miller could perform, including jobs as a packing line worker, an assembler and a non-postal mail sorter. (R. at 35-36.) Thus, the ALJ concluded that Miller was not under a disability as defined by the Act and was not eligible for DIB or SSI benefits. (R. at 36.) *See* 20 C.F.R. §§ 404.1520(g), 416.920(g) (2019).

After the ALJ issued his decision, Miller pursued his administrative appeals, (R. at 216-17), but the Appeals Council denied his request for review. (R. at 1-3.) Miller then filed this action seeking review of the ALJ's unfavorable decision, which now stands as the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481 (2019). This case is before this court on the Commissioner's motion for summary judgment filed July 12, 2019.[4]

---

[3] Light work involves lifting items weighing up to 20 pounds at a time with frequent lifting or carrying of items weighing up to 10 pounds. If someone can perform light work, she also can perform sedentary work. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b) (2019).

[4] Miller did not file a motion for summary judgment in this case. He did, however, file a

*II. Analysis*

The Commissioner uses a five-step process in evaluating DIB and SSI claims. *See* 20 C.F.R. §§ 404.1520, 416.920 (2019). *See also Heckler v. Campbell*, 461 U.S. 458, 460-62 (1983); *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). This process requires the Commissioner to consider, in order, whether a claimant 1) is working; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of a listed impairment; 4) can return to his past relevant work; and 5) if not, whether he can perform other work. *See* 20 C.F.R. §§ 404.1520, 416.920. If the Commissioner finds conclusively that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2019).

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a prima facie case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must then establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience and impairments, to perform alternative jobs that exist in the national economy. *See* 42 U.S.C.A. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B) (West 2011, West 2012 & Supp. 2019); *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983); *Hall*, 658 F.2d at 264-65; *Wilson v. Califano*, 617 F.2d 1050, 1053 (4th Cir. 1980).

As stated above, the court's function in this case is limited to determining whether substantial evidence exists in the record to support the ALJ's findings. This

---

brief.

court must not weigh the evidence, as this court lacks authority to substitute its judgment for that of the Commissioner, provided his decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. In determining whether substantial evidence supports the Commissioner's decision, the court also must consider whether the ALJ analyzed all the relevant evidence and whether the ALJ sufficiently explained his findings and his rationale in crediting evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

Miller argues that the ALJ erred by improperly determining his residual functional capacity. (Plaintiff's Social Security Brief, ("Plaintiff's Brief"), at 4.) In particular, Miller argues that the ALJ erred in his weighing of the medical evidence. (Plaintiff's Brief at 4-24.) Miller argues that the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Physician Assistant Bolling. (Plaintiff's Brief at 10-16.) Miller also contends that the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Psychologist Fields. (Plaintiff's Brief at 16-24.) Miller also argues that the ALJ erroneously found that Miller had no gainful work history after 2007 and used this finding to discredit Miller's testimony regarding other issues. (R. at 24-26.)

I start my analysis with this last argument. The ALJ, in his opinion, stated that "20 C.F.R. [§] 404.1529 requires the undersigned to consider the claimant's work history in assessing the claimant's credibility." (R. at 32.) The ALJ then noted that "Earnings records show … no earnings beginning in 2007." (R. at 32.) The ALJ held that this fact raised a question as to whether the plaintiff's continuing unemployment was due to his impairments. (R. at 33.) In his brief, the Commissioner does not assert that the evidence supports the ALJ's finding regarding Miller's work history. Instead, the Commissioner argues that, because there is other substantial evidence to support the ALJ's finding as to the credibility of Miller's

subjective complaints, the court should uphold the ALJ's decision.

      I disagree. As stated above, this court's review extends to determining if an ALJ's findings are supported by substantial evidence of record. The Commissioner's administrative record contains evidence that shows that the ALJ was mistaken when he found that Miller had not worked at gainful employment from 2007 to his alleged onset date. Miller's earnings record plainly shows significant railroad work from 2007 through 2013. (R. at 230.) As a reviewing court, I must rely on the ALJ's own statement, in his opinion, that this erroneous finding affected his decision that Miller was not disabled. Based on this, I do not consider Miller's other arguments, and I will remand Miller's SSI claim to the Commissioner for further consideration.

      DATED:    March 9, 2020.

                                 /s/ *Pamela Meade Sargent*
                                    UNITED STATES MAGISTRATE JUDGE